UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ricky Darren Sanders, *Sr.* *a.k.a. Ricky D. Sanders, Sr.,*            Plaintiff<br><br>vs.<br><br>S.C. Supreme Court;<br>Chief Justice Toal;<br>S.C. Justices; and<br>Daniel E. Shearouse,<br><br>           Defendants. | ) C/A No.   0:07-2986-MBS-BM<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **Report and Recommendation**<br>)<br>) |

The Plaintiff, Ricky Darren Sanders, Sr. (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is a detainee at the Sumter Lee Regional Detention Center (SLRDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff claims the Defendants are wrongfully dismissing cases filed by detainees at the SLRDC. Plaintiff seeks injunctive and mandamus-type relief.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). As Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. at 519; *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The requirement of liberal



construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

Background

Plaintiff's original Complaint, filed on September 4, 2007, was signed by the Plaintiff and twenty-four (24) additional inmates at the SLRDC. On September 7, 2007, an Order was filed which assigned separate civil action numbers to the twenty-four (24) other inmates whose signatures appeared on Plaintiff's Complaint, and retained the original case number for the Plaintiff. Two additional Orders, directing the Plaintiff to bring his case into proper form, were filed on September 19, 2007, and October 26, 2007, respectively. Plaintiff has now submitted all documents needed for initial review of the case.

Plaintiff indicates that he has filed numerous motions and petitions to the South Carolina Supreme Court regarding violations of the "Third Circuit Court", judicial misconduct, and lawyer misconduct. Plaintiff cites excessive bonds, violation of indictment procedures, failure to produce discovery, lengthy terms of detainment, and excessively slow disposition times as some of the violations that have been taken to the Defendants. Plaintiff states the South Carolina Supreme Court "has wrongfully dismissed all of our legitimate petitions," and requests injunctive and mandamus-type relief, alleging that the South Carolina Supreme Court, Chief Justice Toal, the South Carolina Supreme Court Justices, and Daniel E. Shearouse (Clerk of the Supreme Court) have violated his due process and equal protection rights.

Discussion

Although Plaintiff's Complaint alleges federal constitutional violations by various state entities/employees, this case is subject to dismissal because each of the named Defendants is immune from suit for the reasons discussed below.

2



First, the Supreme Court of South Carolina is part of a unified judicial system in South Carolina. *See* S.C. CONST. art. V, § 1; *City of Pickens v. Schmitz*, 376 S.E.2d 271 (S.C. 1989); *Cort Industries Corp. v. Swirl, Inc.*, 213 S.E.2d 445 (S.C. 1975). As such, this entity is protected from suit by the Eleventh Amendment, which forbids a federal court from rendering a judgment against an unconsenting state in favor of a citizen of that state. *Edelman v. Jordan*, 415 U. S. 651, 663 (1974); *see also Stegeman v. Georgia*, 2007 WL 2071542, at *7 & n. 22 (N.D. Ga. July 16, 2007)*; Young v. Ottawa County Circuit Court*, 2007 WL 1712608, at *3 (W.D. Mich. June 12, 2007); *Robinson v. Court of Common Pleas of Philadelphia County*, 827 F. Supp. 1210, 1211-12 (E.D. Pa. 1993)(collecting cases). The Eleventh Amendment also bars this Court from granting injunctive relief against the state or its agencies. *See Alabama v. Pugh*, 438 U. S. 781 (1978); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996)("the relief sought by plaintiff suing a State is irrelevant to the question whether the suit is barred by the Eleventh Amendment"); *see Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997). Thus, the Supreme Court of South Carolina is protected by Eleventh Amendment immunity, and entitled to summary dismissal from the instant action.

South Carolina's Supreme Court Justices are part of the State of South Carolina's unified judicial system; hence, they have absolute immunity from a claim for damages arising out of their judicial actions. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). *See also Siegert v. Gilley*, 500 U.S. 226, 231 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability"). The doctrine of absolute quasi-judicial immunity has also been adopted and made applicable

3



to court support personnel because of "the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]'"  *Kincaid v. Vail*, 969 F.2d 594, 601(7th Cir. 1992), *quoting Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989).  *See also Ashbrook v. Hoffman*, 617 F.2d 474, 476 (7th Cir. 1980)(collecting cases on immunity of court support personnel).  *Cf. Pink v. Lester*, 52 F.3d 73 (4th Cir.1995) (overruling *McCray v. Maryland*, 456 F.2d 1 (4th Cir. 1972) which held that clerks of court might be held liable for negligent conduct in the filing of prisoner pleadings).  Therefore, the Defendants Chief Justice Toal, the South Carolina Supreme Court Justices, and  Daniel E. Shearouse, Clerk of the South Carolina Supreme Court, are immune from damages liability.

In addition to immunity from monetary damages, the South Carolina Supreme Court Justices and Clerk of Court  are also protected from claims for injunctive relief.  Section 309(c) of the Federal Courts Improvement Act of 1996 (FICA), Pub. L. No 104-317, 110 Stat. 3847 (1996), amended § 1983 to bar  injunctive relief  against a judicial officer "for  an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.  As Plaintiff does not allege that either of these prerequisites for injunctive relief were met, his claim for injunctive relief against the South Carolina Supreme Court Justices and Daniel E. Shearouse are subject to dismissal.  *See Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999)(barring injunctive relief against a quasi-judicial official).

Finally, in addition to injunctive relief, Plaintiff also asks this Court to compel certain actions by the South Carolina Supreme Court.   However, mandamus-type relief cannot be granted in the instant case.  Mandamus relief is only available when there are no other means by which the relief sought could be granted,  *In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987), and may not be used as a substitute for appeal,  *In re Catawba Indian Tribe*, 973 F.2d 1133, 1135 (4th Cir. 1992).  Federal



mandamus jurisdiction also extends only against federal employees/entities, 28 U.S.C. § 1361, and is limited to cases where federal courts are acting in aid of their respective jurisdictions, 28 U.S.C. § 1651. The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his entitlement to such relief is clear and indisputable. *Mallard v. United States Dist. Court*, 490 U.S. 296, 309 (1989)*; Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980). As Plaintiff fails to satisfy the burden established to qualify for mandamus relief and seeks such relief against state entities, his request should be denied.

Recommendation

Accordingly, it is recommended that the Court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance of service of process. *See Todd v. Baskerville* 712 F.2d at 74, *Denton v. Hernandez*, 504 U.S. at 31, *Neitzke v. Williams*, 490 U.S. at 324-25.

Plaintiff's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

December 7, 2007
Columbia, South Carolina

5



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

